E-FILED
Thursday, 10 September, 2015  09:13:36 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| DAVID EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   15-cv-1363 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on August 28, 2015. (Doc. 1).

Section 2255 of Chapter 28 of the United States Code provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires district courts to conduct preliminary reviews of § 2255 motions. The rule states in relevant part: "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge

must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

## BACKGROUND

On December 15, 2005, the Court sentenced Petitioner to a term of 210 months of imprisonment after he pleaded guilty to possessing a firearm by a felon in violation of 18 U.S.C. § 922(g). At sentencing, the Court used the Sentencing Guidelines in effect at the time (the "Guidelines") and determined that Petitioner had a Total Offense Level of 32 and a Criminal History Category of VI, for a Guideline range of 210 to 262 months of imprisonment.

The Court found that Petitioner used the firearm to assault someone with the intent to commit murder. Because assault with the intent to commit murder has a greater base offense level than unlawful possession of a firearm, the Court applied the base level for assault with the intent to commit murder. *See* Guidelines §§ 2K2.1(c); 2X1.1; 2A2.1. The offense level for assault with intent to commit murder is 33. The Court added two levels because the victim sustained serious bodily injury, but provided a three-level reduction because Petitioner accepted responsibility, for a total offense level of 32.

Next, the Court concluded that Petitioner was subject to an enhanced sentence under § 4B1.4 on the basis of three prior convictions. These included convictions for burglary, aggravated battery, and unlawful possession of a controlled substance with the intent to deliver.   However, the Court concluded that Petitioner's designation as an armed career criminal did not affect his recommended Guidelines range. The offense level for an Armed Career Criminal was the greater

2

of either (1) the offense level applicable from Chapters Two and Three; (2) the offense level from § 4B1.1; or (3) depending on the underlying circumstances, either 33 or 34 minus the adjustment for acceptance of responsibility. Guidelines § 4B1.4(b) Even with the Court's finding that Petitioner was subject to the § 4B1.4 enhancement, his total offense level remained at 32.

In the pending § 2255 motion, Petitioner contends that he must be resentenced in the aftermath of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* addressed the constitutionality of one clause of the Armed Career Criminal Act ("the ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.'" *Id.* at 2555. The statute defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The last clause of § 924(e)(2)(B)(ii) – "or otherwise involves conduct that presents a serious potential risk of physical injury to another" – has become known as the residual clause. In *Johnson*, the Supreme Court held that this clause violates due process because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Petitioner argues that in light of *Johnson*, one of the predicate offenses the Court relied upon to find that he was subject to an enhanced sentence under the ACCA does not qualify as a violent felony. (Doc. 1 at 4, 13).

## DISCUSSION

If Petitioner had been convicted under the ACCA's residual clause, this pending § 2255 motion could potentially proceed. The Seventh Circuit concluded that *Johnson* "announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions." *See Price v. United States*, No. 15-2427, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015).

However, Petitioner was not convicted of violating the residual clause. Rather, the Court calculated his Sentencing Guidelines range having found that Petitioner was an armed career criminal pursuant to the Guidelines. Such a claim is not cognizable on § 2255 review.

Petitioner was sentenced post *United States v. Booker*, 543 U.S. 220 (2005), so the Guidelines were not binding on the Court at the time of sentencing. *See Hawkins v. United States*, 706 F.3d 820, 822 (7th Cir. 2013), *rehr'g denied* 724 F.3d 915 (7th Cir. 2013). In this circumstance, the Seventh Circuit has held that a petitioner cannot bring a § 2255 claim that the sentencing court erred in determining that he was a career offender when calculating his sentence. *See Hawkins*, 706 F.3d 820; *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014). This is because after *Booker*, judges must "independently determine the appropriate sentence . . . and impose a sentence that is sufficient but not greater than necessary to comply with the purposes of [18 U.S.C.] § 3553(a)." *Coleman*, 763 F.3d at 708.

Even though higher calculated Guideline ranges may have an anchoring effect that influence the sentence a judge orders, the possibility that a petitioner could have received a lower sentence is not a "'miscarriage of justice' that can be

collaterally attacked," when it is "below the ceiling imposed by Congress whether directly or by delegation." *Hawkins*, 706 F.3d at 824. As the length of Petitioner's sentence did not exceed that allowed by the crime for which he was convicted, he is not entitled to relief here. *See id.*

Although this is not likely to provide comfort to Petitioner, the anchoring effect did not play a role here, as Petitioner's designation as an armed career criminal pursuant to the Guidelines had no effect on his ultimate total offense level. Both with and without the career offender enhancement, he had a total offense level of 32. Although it is possible that the Court would re-sentence Petitioner to a shorter sentence, such possibility does not arise to a miscarriage of justice that would permit § 2255 review. *See id.* at 824-25.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) even though Petitioner has not requested one.

According to 28 U.S.C. § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Consistent with the discussion above, the Court finds that no reasonable jurists would differ on the Court's treatment of Petitioner's 2255 motion. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court, the Court has reviewed Petitioner's § 2255 motion and the record of Petitioner's criminal proceedings. Based upon this review, the Court concludes that Petitioner is not entitled to relief under § 2255. The motion (Doc. 1) is dismissed. The clerk is directed to notify Petitioner David Evans. No Certificate of Appealability shall issue from this Court. IT IS SO ORDERED. CASE TERMINATED.

Entered this 9th day of September, 2015.

s/Joe B. McDade

JOE BILLY McDADE
United States Senior District Judge