## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DAVID EVANS,  )  )  Petitioner,  )  )  v.  )  )  UNITED STATES OF AMERICA,  )  )  Respondent.  ) | Case No.   15-cv-1363 |

## O R D E R  &  O P I N I O N

On September 9, 2015, this Court dismissed Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 3).  Petitioner has brought a claim pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and argues that he is entitled to relief because he was improperly designated as an armed career criminal at sentencing.  The Court held that Petitioner's claim was non-cognizable under § 2255 because the Court calculated his Sentencing Guideline range having found that he was an armed career criminal pursuant to the Guidelines. Judgment was entered against Petitioner on September 10, 2015. (Doc. 4).

The Court *sua sponte* reconsiders its Order and vacates the Judgment. *See* Fed. R. Civ. P. 59(e)(allowing a motion to alter or amend a judgment to be filed "no later than 28 days after the entry of the judgment"); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)(explaining that Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures.").  The Court based its

holding that Petitioner's claims are non-cognizable on two recent Seventh Circuit cases: *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) and *United States v. Coleman*, 763 F.3d 706 (7th Cir. 2014). The *Coleman* Court summarized the rule in *Hawkins*, writing, "we held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum." 763 F.3d at 708-09. As explained below, the Court's conclusion was erroneous based upon the facts of this case.

Petitioner was convicted of violating 18 U.S.C. § 922(g). A person who knowingly violates 18 U.S.C. § 922(g) can be sentenced to a maximum of ten years imprisonment, 18 U.S.C. § 924(a)(2), unless he has "three previous convictions by any court referred to in section 922(g)(1) . . . for a violent felony or a serious drug offense, or both . . . ." 18 U.S.C. § 924(e)(1). In such case, he is subject to a fifteen year mandatory minimum sentence. *See id.*

The Court sentenced Petitioner to 210 months of imprisonment, which exceeds the maximum sentence allowable for individuals who are not armed career criminals. *See* 18 U.S.C. § 924(a)(2). Because the sentence that the Court imposed is greater than the maximum allowed by statute for non-armed career criminals, the holdings of *Hawkins* and *Coleman* do not apply. *See Coleman*, 736 F.3d at 708-09. Prisoners may challenge sentences that are in excess of the maximum authorized by law. *See* 28 U.S.C. § 2555(a).

On reconsideration, pursuant to 28 U.S.C. § 2255 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court cannot find that Petitioner's claim is without merit. Therefore, Respondent is ordered to respond to the Motion.

IT IS THEREFORE ORDERED:

1. The Order dated September 9, 2015 (Doc. 3) and the Judgment dated September 10, 2015 (Doc. 4) are VACATED and Petitioner's case is REOPENED.

2. The Clerk SHALL serve a copy of the Motion (Doc. 1) upon Respondent pursuant to Rule 3(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

3. Respondent SHALL file an answer, motion, or other responsive pleading within fifty-six days after service of this Order. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

4. Petitioner MAY file a reply to Respondent's response within twenty-eight days of being served with the response.

5. Petitioner SHALL serve upon the United States Attorney's office a copy of every further pleading or other document submitted for consideration by the Court.

Entered this 24th day of September, 2015.

s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
