## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DAVID EVANS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 15-cv-1363 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

### O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner David Evans's Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). For the reasons discussed below, the Motion is DENIED.

#### BACKGROUND

Petitioner David Evans ("Petitioner" or "Evans") was indicted for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). *United States v. Evans*, 216 F. App'x 592, 593 (7th Cir. 2007). After an unsuccessful motion to suppress evidence, he entered a guilty plea on December 9, 2005 but reserved the right to appeal the Court's ruling on his motion to suppress.

The Court subsequently sentenced Evans to a term of imprisonment of 210 months. (Judgment, *United States v. Evans*, Case No. 05-cr-10017-1 (C.D. Ill. Dec. 15, 2005)). Ordinarily, defendants who are convicted of violating § 922(g) are subject to a statutory maximum of ten years imprisonment. *See* 18 U.S.C. § 924(a)(2). However, defendants convicted of violating § 922(g) who are armed career criminals,

meaning they have "three previous convictions . . . for a violent felony or a serious drug offence, or both, committed on occasions different from one another," are subject to a mandatory minimum of fifteen years imprisonment. *Id.* at § 924(e)(1).

A probation officer prepared a Presentence Report, and recommended that the Court find that Evans is an armed career criminal. This recommendation was based upon three of Evans's prior convictions. First, Evans was convicted of burglary on December 31, 1986; second, he was convicted of aggravated battery on October 5, 1992; and third, he was convicted of unlawful possession of a controlled substance with the intent to deliver on June 23, 1992. The Court accepted this recommendation from probation in full and sentenced Evans to 210 months, or 17 ½ years, of imprisonment. The Seventh Circuit later denied Evans's appeal of the Court's decision on the the motion to suppress. *Evans*, 216 F. App'x at 594.

In the pending motion, Petitioner challenges his designation as an armed career criminal, and argues that the Court should not have considered his conviction for burglary to be a violent felony.

## LEGAL STANDARDS

Section 2255 of Chapter 28 of the United States Code provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence

him or grant a new trial or correct the sentence as may appear appropriate." *Id.* at § 2255(b).

As relevant here, section 2255 motions must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* at § 2255(f)(3). Last term, the United States Supreme Court held that a portion of the ACCA is unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551 (2015). The Seventh Circuit recently held that *Johnson*, which the Supreme Court decided on June 26, 2015, announced a new rule of constitutional law that is retroactively available to cases on collateral review. *Price v. United States*, 795 F.3d 731 (7th Cir. 2015).

## DISCUSSION

In Petitioner's pending § 2255 motion, he argues that his sentence is contrary to law because the Court impermissibly counted his conviction of burglary as one of his previous convictions for a violent felony or serious drug offense. The ACCA defines violent felony as:

> any crime punishable by imprisonment for a term exceeding one year and certain acts of juvenile delinquency . . . . that
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). This definition includes burglary among the enumerated offenses classified as a violent felony. *See* 18 U.S.C. § 924(e)(2)(B)(ii) (including burglary, arson, and extortion as violent felonies).

3

Petitioner argues that his Illinois burglary conviction does not count as burglary under the ACCA. Although it is unclear, he therefore seems to argue that the only way the Court could have considered his burglary conviction to be a violent felony is if it concluded that the burglary "otherwise involve[d] conduct that presents a serious potential risk of physical injury to another." *See id.* The quoted language from the last sentence is known as the ACCA's residual clause. This is the portion of the ACCA that the Supreme Court invalidated because it is unconstitutionally vague. *See Johnson*, 135 S. Ct. 2551.

The Court concludes that Petitioner has not established any ground for relief under § 2255, because his conviction for burglary is properly considered burglary under the ACCA and does not implicate the recently invalidated residual clause.

I. **Petitioner's Conviction for Burglary**

Petitioner was convicted of burglary on December 31, 1986 after entering a guilty plea. In 1986 in Illinois, "[a] person commit[ed] burglary when without authority he knowingly enter[ed] or without authority remain[ed] within a building, housetrailer, watercraft, aircraft, motor vehicle . . . railroad car, or any part thereof, with the intent to commit therein a felony or theft . . . ." Ill. Rev. Stat. ch. 38, par. 19-1(a) (1986). Petitioner's indictment stated that he, along with another man, "did without authority knowingly enter or remain within a building or part of a building . . . with the intent to commit therein a theft . . . in violation of paragraph 19-1a, of Chapter 38, Illinois Revised Statutes." (Doc. 6-1).

II. **Burglary under the ACCA**

Burglary is among the crimes enumerated under 18 U.S.C. § 924(e)(2)(B)(ii), and Petitioner's conviction for burglary meets the ACCA's definition of burglary. *See United States v. Brooks*, 468 F. App'x 623, 626 (7th Cir. 2012). Ordinarily, courts determining whether a conviction should count toward a sentence enhancement under the ACCA employ what has become known as the "formal categorical approach." *See Taylor v. United States*, 495 U.S. 575, 600 (1990). Courts employing this approach determine whether a particular conviction qualifies by looking to the criminal statute's elements and comparing them to the elements of a generic crime. *Id.* Generic burglary is defined as the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599. Therefore, under the ACCA, burglary is only a violent felony if it is "committed in a building or enclosed space . . . not in a boat or motor vehicle." *Shepard v. United States*, 544 U.S. 13, 16-17 (2005). Under the formal categorical approach, Petitioner's conviction for burglary only counts if the elements of the Illinois statute exactly match each of those elements.

This can pose a problem, as many state burglary statutes, including Illinois's, criminalize unlawful entry into boats, motor vehicles, or other non-structures. In situations where this is the case, and the statute "divisible – that is, it expressly identifies several ways in which a violation may occur," courts apply what is known as the modified categorical approach. *United States v. Woods*, 576 F.3d 400, 404, 406 (7th Cir. 2009). Under this approach, reviewing courts may look to a small universe of outside documents, including the indictment, the jury instructions, and plea agreements. *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). They use

5

these documents for the purpose of determining whether the defendant was convicted of the particular version of a divisible statute that corresponds, element for element, with the generic statute. *Id.*

Courts have applied the modified categorical approach to Illinois burglary. *See Brooks*, 468 F. App'x at 626; *United States v. Powers*, No. 13-CR-89 (SRN), 2015 WL 5690973, at *6 (D. Minn. Sept. 28, 2015). The Illinois burglary statute under which Petitioner was convicted is nongeneric in that it criminalizes unlawful entries into watercraft, aircraft, and motor vehicles in addition to unlawful entries into buildings and structures. *Compare* Ill. Rev. Stat. ch. 38, par. 19-1(a) (1986) *with Taylor*, 495 U.S. at 599 (defining generic burglary). But it is divisible, in that one way a person can violate the statute is by unlawfully entering a building with the intent to commit a crime. *See* Ill. Rev. Stat. ch. 38, par. 19-1(a)(1986) (listing the required elements of burglary as (1) without authority, (2) knowingly enter or remain in, (3) a building, housetrailer, watercraft, aircraft, motor vehicle, or railroad car, (4) with the intent to commit a felony or theft).

In this case, the Court properly considered Petitioner's conviction for Illinois burglary to be a burglary conviction for the purposes of the ACCA. It is proper to consider Petitioner's indictment for burglary, which makes it clear that Petitioner was charged with entering into a building without authority with the purpose of committing a theft. *See Descamps*, 133 S. Ct. at 2284; (Doc. 6-1). The indictment, together with Petitioner's guilty plea, makes clear that he was charged with burglarizing a structure, which is a per se violent felony under the ACCA. *See*

6

*Stallings v. United States*, 536 F.3d 624, 626 n. 1 (7th Cir. 2008) (citing *Taylor*, 495 U.S. at 599).

### III. Petitioner's *Johnson* Claim

As the discussion above should make clear, Petitioner's *Johnson* claim is without merit. Petitioner's conviction for burglary qualifies as an enumerated offense under the ACCA, and the ACCA's residual clause is therefore not implicated at all here. *See* 18 U.S.C. § 924(e)(2)(B)(ii); *Brooks*, 468 F. App'x at 626; *Cf. Powers*, 2015 WL 5690973 at *6 (explaining that the definition of violent felony in § 924(e)(2)(B)(i) is inapplicable when a particular felony qualifies as "a specifically enumerated violent felony under § 924(e)(2)(B)(ii).").

Therefore, Petitioner's motion must be denied. The Court properly found that he was an armed career criminal because of his three previous convictions, and sentenced him to a term of imprisonment authorized by 18 U.S.C. § 924(e)(1). As such, his sentence was not imposed in violation of the Constitution or in excess of the maximum authorized by law. *See* 28 U.S.C. § 2255(a).

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) even though Petitioner has not requested one.

According to 28 U.S.C. § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v.*

*United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Consistent with the discussion above, the Court finds that no reasonable jurists would differ on the Court's treatment of Petitioner's 2255 motion. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court properly considered Petitioner's burglary conviction in determining that Petitioner was subject to an enhanced sentence under the ACCA and sentencing him to 210 months imprisonment. For that reason, Petitioner's Motion (Doc. 1) is DENIED. The Clerk is directed to notify Petitioner David Evans. No Certificate of Appealability shall issue from this Court. IT IS SO ORDERED.

Entered this 20th day of November, 2015.

                                                   s/Joe B. McDade
                                                   JOE BILLY McDADE
                                         United States Senior District Judge